## PERLEY *versus* DOLE.

Where the plaintiff was jointly interested with another in a bond for the conveyance of real estate, the conditions of which had been fulfilled, and his assignee in bankruptcy, under a license, had sold his interest to defendant, who had obtained a deed from the obligors, and plaintiff claimed that his interest in the bond had been previously assigned as security to a creditor, (from whom he derived a subsequent title,) and that no right in the bond had vested in his assignee in bankruptcy; unless his *bill*, seeking to compel a conveyance of such half, sets forth the assignment to his creditor to have been perfected *before* his petition to be decreed a bankrupt, *it* cannot be maintained.

BILL IN EQUITY. The substance of the bill appears in the opinion of the Court. A general demurrer was filed.

*Rowe & Bartlett*, in support of the demurrer.

*J. H. Hilliard*, in support of the bill.

TENNEY, J. — The bill states, that some time in the year 1842, Nahum Mitchell and Seth Bryant gave to the plaintiff and one Abraham Perley a bond to convey to them certain real estate, on the payment of sums of money, as provided therein; that afterwards the conditions of the bond were fulfilled on the part of the obligees, so that they were entitled to a conveyance; that soon after the bond was executed, and before March 6, 1843, the plaintiff assigned to Allen Perley, his father, all his interest in said bond, as additional security to that which he had before given in a mortgage of real estate, for a note of hand for the sum of $10,000, on which, at the time of filing the bill, was still due and unpaid the sum of $4,800, and interest thereon; that on March 4, 1843, the plaintiff filed his petition in bankruptcy in the District Court of the United States for the District of Maine, to be declared a bankrupt, and on June 13, 1843, he was so declared, and J. W. Carr was appointed by said Court his assignee; that on June 24, 1843, said Allen died, leaving a will dated March 6, 1843, which was duly proved, approved and allowed on the first Tuesday of August, 1843; that the first clause in said will is, "I give and bequeath to my son, Daniel Perley, the sum of $200, to be paid, &c." "I also

give and bequeath said son Daniel all notes of hand I may hold against him, at the time of my decease;" that after said Allen's death, the plaintiff delivered said bond to the executor of his said will, to be retained and to be disposed of according to the provisions thereof; that the assignee obtained an order to sell all the plaintiff's title and interest in the bond, and some time in the year 1844, did pretend to sell the same; that by and through which sale, the defendant obtained the bond of said Allen's executor, and procured a deed to be made to himself according to the stipulations therein, without any other or further consideration, than had been paid by the plaintiff; that at the time of receiving the bond, and of obtaining the deed, he well knew that the plaintiff had a just right to one-half of the land described in the bond, and was justly entitled to a deed of the same; and that said defendant holds one-half part of said land, for the benefit of, and in trust for the plaintiff; and that the defendant has been requested by the plaintiff to release to him his proportion of said land, which the defendant refuses to do, fraudulently pretending to have title thereto, by virtue of said pretended sale. And he asks, that the defendant may be decreed and compelled to convey to him, by a sufficient deed, one undivided half of the premises described in the bond. To this bill, the defendant files a demurrer.

It is contended by the plaintiff, that by the will of Allen Perley, not only the note holden by the testator against him, but also the mortgage and the bond, became his property unaffected by any proceedings in bankruptcy, and did not vest in his assignee; and that the plaintiff stands in the place of the testator, and the defendant in the place which the plaintiff occupied before the death of the testator and after the assignment of the bond; and the plaintiff claims to hold the land conveyed to defendant for the security of the money due to the testator and bequeathed to him.

Does the bill show, that the testator acquired any interest in the bond? It is alleged in the bill, that the plaintiff as-

signed all his interest in the bond to Allen Perley, his father. But it appears further, that after the death of Allen, he delivered the bond to the executor of the will of Allen to be retained and to be disposed of according to the provisions of the will. To make the assignment effectual, it must have been made with the knowledge of the assignee, and accepted by him constructively at least. The form of the assignment may have been made by the obligee in the bond and may have been signed, yet this would be ineffectual, so long as the whole remained in the hands of the assignor, if nothing further was done. But upon another ground, even supposing the assignment to have passed the interest to Allen Perley, the bill does not show that any interest passed by the assignment. "All property, &c., of every bankrupt, except, &c., who shall, by a decree of the proper court, be declared to be a bankrupt within this Act, shall be deemed to be divested out of such bankrupt, and the same shall be vested in the assignee." Bankrupt Act of U. S. of 1841, § 3. "Property which the bankrupt had at the time of the filing of the petition will vest in the assignee, after the decree, declaring him a bankrupt and the appointment of the assignee." § 1.

According to the allegation in the bill, the bond may have been executed and delivered to the plaintiff as late as the last day of the year 1842, and may have been assigned to the testator after the plaintiff filed his petition to be decreed a bankrupt. These may have been the facts and every allegation in the bill be true. If so, the plaintiff's interest in the bond vested in the assignee in bankruptcy, and the testator never acquired any interest therein. It follows, that the plaintiff obtained, on his own construction of the law, no greater rights under the will, than Allen Perley himself had.

The plaintiff not having by his bill presented a case, which entitles him to the interposition of a court of equity, the

*Bill must be dismissed with costs.*

SHEPLEY, C. J., and HOWARD and APPLETON, J. J., concurred.